IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JANET GAYLE STEIN ADUDDLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-3088 |
| | § | |
| BRAD LIVINGSTON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The plaintiff, Janet Gayle Stein Aduddle, brings this civil rights action under 42 U.S.C. § 1983 against several prison officials employed by the Texas Department of Criminal Justice - Correctional Institutions Division (collectively, "TDCJ"). She proceeds *in forma pauperis* and she purports to be represented in this case by her husband, James Henry Aduddle (#1191046), who is an inmate in custody of TDCJ. After reviewing all of the pleadings, the Court concludes that this case must be **dismissed** for reasons that follow.

**I.    BACKGROUND**

Mrs. Aduddle reportedly resides in La Porte, which is located in Harris County, Texas, where she runs a home-based business called "Secretarial Offsite Solutions" or "SOS." Mr. Aduddle, is presently in custody of TDCJ at the Powledge Unit in Palestine, Texas. Until recently, he was incarcerated at the Luther Unit in Navasota, Texas.[1] Mr.

---

[1] Court records show that Mr. Aduddle pled guilty on August 28, 2003, to two counts of attempted capital murder (cause numbers 36,729 and 36,730) and one count of aggravated robbery (cause number 36,731). Pursuant to his plea bargain with the State, the 240th

(continued...)

Aduddle has submitted the pending civil rights action on his wife's behalf as her "agent." He attaches a "special power of attorney" form to the complaint, which is signed by Mrs. Aduddle, that purportedly allows Mr. Aduddle to act as legal representative for his wife and SOS.

According to the complaint and the attached affidavit from the plaintiff, Mrs. Aduddle started SOS in 2005, with Mr. Aduddle acting as a "consultant and guide." SOS offers fee-based secretarial services to inmates to assist them with filing court pleadings. SOS advertises in the "Prison Legal News." While he was at the Luther Unit, Mr. Aduddle told another inmate at this facility about the services provided by his wife's company. That inmate, identified as Orlando Temple (TDCJ #1191046), arranged to pay SOS approximately $216.20 to prepare and file a state habeas corpus application on his behalf. Mr. Temple reportedly sent Mrs. Aduddle two installments of $100.00, followed by 200 postage stamps that he apparently obtained from the prison commissary as a partial payment.

After Mr. Temple sent his payment to Mrs. Aduddle, prison officials at the Luther Unit filed a disciplinary case against Mr. Aduddle, accusing him of extorting money from another inmate in violation of prison rules.[2] Mr. Aduddle was convicted of that disciplinary

---

[1](...continued)
District Court of Fort Bend County sentenced Mr. Aduddle to serve 30 years in prison in each case. *See Aduddle v. State*, 2004 WL 2250988 (Tex. App. — Houston [1st Dist.] Oct. 7, 2004).

[2] TDCJ publishes a set of guidelines that is distributed to all offenders, outlining the rules they must obey and the procedures for disciplinary violations. *See TDCJ Disciplinary Rules and Procedures for Offenders* (Rev. 2005), available at www.tdcj.state.tx.us/publications, (last
(continued...)

2

violation in January of 2006, but the charge was later reduced on appeal to "trafficking and trading."[3]  After the disciplinary conviction, Mr. Aduddle was transferred to the Powledge Unit.

Objecting to the disciplinary conviction imposed against her husband, Mrs. Aduddle has filed this civil rights suit under 42 U.S.C. § 1983 against TDCJ Executive Director Brad Livingston and the following officials employed by TDCJ at the Luther Unit: Senior Warden Norman E. McClure, Librarian William A. Pendergraff, Jr., Sergeant Anthony C. Myles, Captain Harold D. Haley, and Assistant Warden Dianna F. Clay.  Mrs. Aduddle complains that prison officials have improperly retaliated against her husband because she was "doing business" with Mr. Temple.  She complains that the punishment imposed as the result of the disciplinary conviction constitutes "cruel and unusual punishment."  As a result of this disciplinary conviction, Mrs. Aduddle reportedly feels "threatened" and discouraged from

---

[2](...continued)
        visited October 6, 2006) [hereinafter, *TDCJ Disciplinary Rules*].  Related disciplinary rules prohibit extortion of money or property by inmates.  Designated as a Level 1 Offense, Rule 5.3 defines "extortion" as "[d]emanding the performance of an action by coercion, violence, or threats of violence."  Rules 5.1 and 5.2 define extortion of money or property, respectively, as "[a]ppropriation of currency by coercion, violence, or threats of violence, with intent to deprive the owner of" the currency or the property.

[3]      According to the *TDCJ Disciplinary Rules*, "trafficking and trading" is a Level 2 Offense, which is deemed less serious than a Level 1 Offense.  Rule 15 prohibits trafficking and trading, which is defined as follows:

> **Trafficking and Trading** - The unauthorized buying, selling, exchange or transfer of any commodity from any individual, other than making authorized purchases from the commissary (evidence may include an excessive inventory of marketable items). This includes the unauthorized transfer of money from one offender to another, whether the transfer is direct or indirect.

engaging in any future business relations with other inmates incarcerated in TDCJ. She has submitted a separate complaint, which seeks leave to bring a variety of pendent state law claims, including those for slander, negligent and/or intentional infliction of emotional distress, and tortious interference with contract, under 28 U.S.C. § 1367. (Doc. # 2). In that regard, Mrs. Aduddle complains that she was slandered by the disciplinary hearing captain, who wrongfully accused and "convicted" her of extortion without "due process," and that prison officials have engaged in an "abuse of power" by punishing Mr. Aduddle. Mrs. Aduddle seek unspecified relief. The Court concludes, however, that this case must be dismissed for reasons that follow.

## II.    STANDARD OF REVIEW

Although the plaintiff (Mrs. Aduddle) is not incarcerated, the complaint in this case was filed on her behalf by a prisoner (Mr. Aduddle). Complaints filed by prisoners are ordinarily subject to review under the Prison Litigation Reform Act (the "PLRA"), codified as amended at 28 U.S.C. § 1915A. In an abundance of caution, the Court reviews the plaintiff's complaint under 28 U.S.C. § 1915(e)(2)(B), which applies to all litigants proceeding *in forma pauperis*. Similar to the standard found in § 1915A(b), a district court "shall dismiss" any *in forma pauperis* action under § 1915(e)(2)(B) if the court determines that the complaint is: (1) frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. In conducting this analysis, *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that

includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

Under the governing standard, an *in forma pauperis* complaint is frivolous if it "lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002). Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *See id*. (citations omitted).

### III.  DISCUSSION

#### A.  Complaints Filed by Non-Attorneys

The complaint in this case is filed on Mrs. Aduddle's behalf by her husband, James Henry Aduddle, who designates himself as her "agent." The complaint includes a "special power of attorney" authorizing Mr. Aduddle, a non-lawyer, to act as a legal representative on behalf of Mrs. Aduddle and her company, SOS. Mr. Aduddle, who is not a licensed attorney, may not represent Mrs. Aduddle or her business in this manner.

In federal court a party can represent herself or be represented by an attorney, but she cannot be represented by a non-lawyer. *See Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir. 1998) (citing *Eagle Associates v. Bank of Montreal*, 926 F.2d 1305, 1308-9 (2d Cir. 1991) (reviewing authorities)). Likewise, as a business, SOS is barred from appearing in federal court unless represented by a licensed attorney. *See Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)). Because Mr. Aduddle cannot represent Mrs. Aduddle or her business, the complaint is subject to dismissal. As set forth further below, the complaint fails for alternative reasons.

**B.     Standing**

Alternatively, this case must be dismissed for lack of subject matter jurisdiction because Mrs. Aduddle lacks standing to complain about actions taken by prison officials against her husband. Under Article III of the United States Constitution, federal court jurisdiction is limited to "cases" or "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). Standing is a "core component" that is "an essential and unchanging part of the case-or-controversy requirement" found in Article III. *Id.* at 560. The "irreducible constitutional minimum of standing" requires the following three elements: (1) the plaintiff must have suffered an "injury in fact" – that is, an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent," not "conjectural" or "hypothetical"; (2) there must be causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the

defendant, and not the result of the independent action of some third party not before the court; and (3) it must be "likely" as opposed to merely "speculative" that the injury will be redressed by a favorable decision. *Id.* at 560-61.

The complaint filed on behalf of Mrs. Aduddle primarily concerns itself with the disciplinary proceedings initiated by prison officials against Mr. Aduddle. In that regard, the complaint alleges that prison officials have abused their authority by lodging "bogus" disciplinary charges against Mr. Aduddle in retaliation for Mrs. Aduddle's business dealings with Mr. Temple. Although Mrs. Aduddle alleges that she, too, was somehow "convicted" of engaging in extortion without due process, the disciplinary conviction and subsequent punishment was imposed against Mr. Aduddle.

Mr. Aduddle, who filed the complaint on Mrs. Aduddle's behalf, is not listed as a plaintiff.[4] Thus, any allegation by Mrs. Aduddle that prison officials have unlawfully retaliated against Mr. Aduddle or imposed cruel and unusual punishment upon him without due process does not demonstrate the requisite personal injury in fact for purposes of a claim by Mrs. Aduddle under 42 U.S.C. § 1983. Likewise, the suggestion that prison officials might retaliate against Mr. Aduddle for any of Mrs. Aduddle's future business dealings with TDCJ inmates is speculative and not sufficient to demonstrate the requisite standing.

---

[4] Although it is not clear from the pleadings and exhibits, it appears that Mr. Aduddle's retaliation claim is not yet ripe because he has not exhausted his appeal from the disciplinary conviction by way of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Edwards v. Balisok*, 520 U.S. 641 (1997).

7

Absent a showing that standing exists, this Court lacks subject matter jurisdiction to consider the complaint. Accordingly, these allegations must be dismissed for lack of subject matter jurisdiction. As such, the claims must be dismissed under 28 U.S.C. § 1915(e)(2)(B) as lacking an arguable basis in law and for failure to state a claim upon which relief may be granted.

### C.      "Life" or "Liberty Interest" in Doing Business

The complaint alleges that, by discouraging Mrs. Aduddle's business relations, the defendants have violated a "life" or "liberty interest" in doing business with TDCJ inmates that is protected by the Fourteenth Amendment's Due Process Clause.[5] (Doc. #2, at 4). The Due Process Clause found in the Fourteenth Amendment protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake. *See Wilkinson v. Austin*, 545 U.S. 209, 125 S. Ct. 2384, 2393 (2005). For instance, a death-sentenced inmate might have a "life interest" in avoiding summary execution without some minimal level of due process. *See, e.g., Ohio Adult Parole Auth. v. Woodard*, 523 U.S. 272, 281 (1998). A due process "liberty interest," which typically concerns freedom from physical restraint, may arise from the Constitution itself or it may arise from state policies or regulations, subject to the

---

[5]   The complaint also makes reference to the Fifth Amendment. (Docs. # 1, # 2). To the extent that the complaint invokes the Due Process Clause of the Fifth Amendment, any such claim fails as a matter of law because the Fifth Amendment applies only to federal actors, and not state officials. *See Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996) (citing *Richard v. Hinson*, 70 F.3d 415, 416 (5th Cir. 1995)).

important limitations set forth in *Sandin v. Conner*, 515 U.S. 472 (1995). *See Wilkinson*, 125 S. Ct. at 2393.

The complaint in this instance fails to demonstrate that Mrs. Aduddle has a recognizable life or liberty interest in conducting business with TDCJ inmates. Even if a private party had an interest in doing business with prison inmates, the complaint fails to allege that this interest was violated. In that respect, Mrs. Aduddle concedes in her pleadings that the business transaction with Mr. Temple concluded successfully and that there was no breach on her part of any contractual obligation. Therefore, the allegation that prison officials have deprived her of a life or liberty interest lacks an arguable basis in law and fails to state a claim upon which relief may be granted.

### D.     Pendent State Law Claims

The plaintiff has failed to state a valid claim for a violation of the Constitution or to otherwise show that she is entitled to relief under 42 U.S.C. § 1983. The complaint includes several state law claims, including allegations of slander, negligent and/or intentional infliction of emotional distress, and tortious interference with contractual relations, among other things. (Doc. # 2). Where a court dismisses a party's federal claims, however, the "general rule" is to dismiss any pendent state law claims without prejudice so that the plaintiff may re-file his claims in the appropriate state court. *See Wong v. Stripling*, 881 F.2d 200, 203-04 (5th Cir. 1989); *see also Welch v. Thompson*, 20 F.3d 636, 644 (5th Cir. 1994) (upholding the dismissal of an inmate's state law claims following the dismissal of his federal claims). The decision to entertain or dismiss the pendent state claims is within the

district court's discretion. *See Wong*, 881 F.2d at 204. Because the complaint has failed to state a federal claim, the Court elects to follow the general rule and to dismiss the pendent state law claims without prejudice.

### IV.    CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The civil rights claims are **DISMISSED** with prejudice under 28 U.S.C. § 1915(e)(2)(B) as legally frivolous and/or for failure to state a claim.

2. The remaining pendent state law claims are **DISMISSED** without prejudice.

**The Clerk is directed to provide copies of this order to the parties and to TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, fax 512-936-2159.**

SIGNED at Houston, Texas, on **October 12, 2006.**

_____
Nancy F. Atlas
United States District Judge